UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CONSUELO E. WESLEY,

    Plaintiff,

v.                                        Case No:   6:12-cv-1578-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER[1]

Pending before the Court is Plaintiff's Petition for Attorney's Fees. (Doc. 31). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), Plaintiff requests an award of fees **in the amount of $5,728.94.** The schedule of hours attached to the petition confirms the attorneys' hours. (Doc. 31-2 at 3-4).

The Commissioner represents that it has no objection to the petition for fees. (Doc. 32). Plaintiff asserts that she is the prevailing party in this litigation and that the Commissioner's position in the underlying action was not substantially justified.[2] (Doc. 31-1).

On December 5, 2013, the Court entered an order reversing the ALJ's decision and remanding the case back to the Commissioner for further proceedings pursuant to

---

[1] On June 7, 2013, both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 20). Accordingly, the case was referred to the undersigned by an Order of Reference on June 10, 2013. (Doc. 21).

[2] Under the EAJA, a claimant is eligible for an attorney fee award where:   (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.   28 U.S.C. § 2412(d).

sentence four of 42 U.S.C. § 405(g).  (Doc. 29).  The Clerk entered Judgment the next day.  (Doc. 30).  Plaintiff filed her application for attorneys' fees on March 6, 2014. (Doc. 31).

Plaintiff attached a copy of her fee agreement, which includes an assignment of EAJA fees to her counsel.  (Doc. 31-3).  In light of the assignment, Plaintiff requests (and Defendant agrees) that the payment should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt.  If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Pursuant to the provisions of the EAJA, Plaintiff's petition for attorney's fees (Doc. 31) is **GRANTED**.  Plaintiff is awarded attorney's fees **in the amount of $5,728.94** to be paid out of the judgment fund.  Payment is authorized to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the Government.

**DONE** and **ORDERED** in Orlando, Florida on March 26, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record